Price, J,
The township trustees had entertained the petition for the ditch and had proceeded, so far as to confirm the report of the engineer when they were enjoined at the suit of the defendant in error. Many of the allegations of the petition were met by a general denial contained in the answer to which the demurrer was sustained. This general denial follows the affirmative matter in the answer, and a close construction of these pleadings would suggest that the demurrer challenging the sufficiency of the answer should have been overruled, provided the trustees had jurisdiction under the statute to entertain the petition for the’ ditch and grant its prayer. If jurisdiction were conceded, the issues made by the petition for injunction and the denials in the answer should have been tried and determined in favor of the plaintiff before he was entitled to an injunction to stop further proceedings. Keeping in mind the averments of the petition, we find the answer admits the filing of the ditch petition with the trustees, and that such *325 proceedings were had thereon, and relating thereto, that said board had heard and determined said petition, and had found that the ditch prayed for was necessary, and that the same would be conducive to the public health, convenience and general welfare, and therefore proceeded to locate the same substantially on the route described.
It further appears in the answer that the lands mentioned, both within and without said village, are in need of drainage, and that it is necessary, in order that the said lands lying outside of said village may be drained, that a ditch must pass substantially as located in said proceeding through and across said, village to reach a sufficient outlet; that the proposed ditch follows the line of ditch No. 12 in part, and that the remainder of it is located as near thereto' as would best answer the purpose of said ditch.
The trustees further say that prior to the granting of said petition, the owners of lands within the village of Pioneer, which are affected by this ditch, applied to the council of said village and requested that it provide for the necessary drainage within said corporation for said lands, and that the council refused to do so, and that the council requested said trustees to assume jurisdiction over the matter of drainage, and requested them to locate and cause to be constructed the ditch described, and that said council by resolution duly passed and recorded on its journal, granted to said trústees, prior to the location of said, ditch, the right to use all of the streets and alleys within the village through which said ditch was thereafter located. This is not all of the defense, *326 for the answer says that prior to the action of said trustees complained of, the board of commissioners of that county, in a proceeding had in reference to the location and construction of a ditch whereby it was proposed to drain the lands within the village, refused to grant a petition therefor. They say as to the matter of tiling, that at the ditch hearing, certain landowners made request in writing for a tiled ditch through their lands, and the requests were granted and size of tile fixed, and the depth in the ground was also fixed, and that the expenses of the improvement were apportioned according to.law.
The allegation in the petition • that the ditch proceeding was being used to provide a sewer for the village and furnish cellar draining is denied by the answer. The anticipation of this alleged sewer, furnishes many authorities for the brief, but the denial takes it out of this discussion of the demurrer.
Hence, the proceeding was that of an ordinary township ditch, commencing on lands outside the village, and following in part an old ditch (No. 12) through the village to a creek as an outlet.
By sustaining a demurrer to the answer, the circuit court has said that it — embracing general denials and all — constitutes no defense to the petition for injunction. The ground selected by counsel for this view, though not stated in the judgment entry, is the absence of jurisdiction in the township trustees to entertain and grant the petition. If this is true, the petitioners for the ditch are in an unfortunate situation. The village council would not act in providing the drainage *327 within the corporation, and the commissioner's-refused the prayer of a petition for the route now in question for some reason not of record; and now it is said the township trustees have no jurisdiction to invade the village by their ditch proceedings.
The question is to be determined by our statutes pertaining to the subject, and cases cited from other states construing their laws are of little aid to us.
We think our statutes are plain and free from ambiguity, and seem to recognize that in some instances township trustees and county commissioners may have concurrent jurisdiction to locate and construct a ditch, as may be made to appear later in our investigation. The provisions for county ditches are found in Chapter 1, Title VI, Revised Statutes, and for township ditches in Chapter 2 of the same title.
Section 4511, Revised Statutes, provides: “The trustees of any township may, whenever in their opinion the same will be conducive to the public health, convenience or welfare, cause to be established, located and constructed as hereinafter provided, any ditch within such township, and for that purpose may cross a railroad, turnpike road, or do any other thing necessary or proper to promote said purpose.” The next section defines the meaning of the word “ditch,” “to. include a drain or watercourse,” and says that a petition for such improvement “shall be held to include any side, lateral, spur or branch ditch, drain or watercourse necessary to be constructed to secure *328 the object of the improvement whether the same is mentioned therein or not.”
The subsequent sections provide the mode of procedure, for claims for compensation and damages, for appeal, et cet. Section 4552 makes provision for altering, deepening and widening, boxing or tiling of the ditch. The entire Chapter 2 is devoted to township ditches, and its provisions are clear and contain no obstacle to full jurisdiction where the proposed ditch is within the township. In this instance it commences on low lands — farm lands outside of the corporate limits. That territory claimed better drainage, and the route through the village to the creek was considered practicable and the best for the purposes in view. Of that fact the trustees are made the judges, subject to right of appeal.
Does the fact that a village is on the route oust jurisdiction which otherwise would be perfect? The village is in and forms a part of the township, and its citizens take part in electing the trustees and other officers of the township, and are under their jurisdiction in many governmental particulars.
But it is said that the case of Village of Pleasant Hill et al. v. Commissioners, 71 Ohio St., 133, sustains the holding of the circuit court on the demurrer in this case. We think it does not. The ditch under consideration in that case was wholly within the village, and its drainage being amply-provided for by the municipal code, action by the commissioners was not necessary to full relief. But proceedings for a township ditch could not be entertained by a village council to drain lands *329 outside of the corporation, ¡such as farm lands in this case.
Again, it is urged for defendant in error, that while no lack of jurisdiction appears in the statutes providing for and regulating the location and construction of township ditches, there are certain sections in the statutes vesting authority in county commissioners to locate and construct ditches, which should be considered as defeating the jurisdiction of trustees in this case, and Sections 4447, 4483, 4484 and 4485 are cited with Section 4493.
These sections are part of Chapter 1, which is applicable to county ditches, or those located by county commissioners. This resort to Chapter 1, to limit the authority of trustees clearly conferred by Chapter 2, needs more than mere statement for its justification. But what are these sections? The first mentioned confers jurisdiction on commissioners of counties to locate and construct county ditches. Section 4483 authorizes a municipal council by resolution to authorize the mayor to present a petition signed by him officially, and a bond to the county commissioners, to locate and construct a ditch described in the resolution, or such council may authorize the mayor to sign officially a petition and bond for a ditch, to be presented by parties interested, whose lands are without the limits of the corporation, whenever the improvement will be conducive to the public health, convenience or welfare, of the whole or any portion of the inhabitants of the corporation; and in such case the commissioners shall count the municipal corporation as an individual petitioner, and may direct the engineer to *330 locate the improvement in accordance with the petition, whether wholly within, or wholly without, or partly within and partly without, the limits of the corporation. In such case the section instructs the engineer as to his duties and authority while acting under either kind of petition. Section 4484 continues the same subject, permitting the engineer, commissioners, or a jury, if one be called, to treat the benefited territory within the corporation as a single parcel of land, et cet. Section 4485 provides for notice to the corporation, where the mayor has not signed the petition.
And Section 4493 provides that on the written application of twelve or more resident landowners of the township, the trustees, if in their opinion the interest of. the township demands it, may cause the petition and bond hereinbefore provided for to be filed on behalf of the township, and that in such case, the same proceedings shall be had as mentioned in the preceding sections. Considering all of them, we find the different modes of presenting to the county commissioners a petition for a ditch. where a municipality or township is interested. In one case as under Section 4483, the council by resolution may authorize the mayor to present a petition signed by him officially, for a ditch described in the resolution, or the council may authorize the mayor to sign a petition officially, to be presented to the commissioners by parties interested whose lands are without the corporate limits. These are the steps by which a municipal corporation may present a petition, and 4493 describes how township trustees may apply to the commissioners for a ditch where at least *331 twelve landowners resident of the township ask such trustees in writing to make the application. In this event the township trustees become the sufficient petitioner, as the municipal corporation becomes a petitioner under Section 4483.
But we should not conclude that- these are the only steps by which county commissioners obtain jurisdiction to locate and construct a ditch which may affect the lands within or without the corporate limits. These sections provide who, in addition to the persons- mentioned in Section 4450, may apply for a ditch and how the same may be signed and presented. If the municipal authorities do not desire to petition; if the township trustees are not requested in writing by at least twelve landowners of the township to petition the commissioners, of course these two classes of authorities can not become petitioners, but the persons mentioned in Section 4450 may still apply for a ditch which may affect the corporation or township.
The law giving jurisdiction to township trustees to locate and construct a township ditch contains no provision whereby a municipal corporation may present a petition, but under Section 4514, authorizing it to be signed by “one or more persons owning lands adjacent to the line of the proposed ditch,” lot-owners in the village, if the lots are adjacent to the line, may join with landowners without the village in making the application to the trustees. It is a weak argument to say that, as in special instances and in special ways, a municipality or trustees of townships may petition the commissioners, if no one else does, trustees have *332 no general jurisdiction because the same provisions are not found in the township ditch law whereby a village may petition the trustees. The lack of such provisions does not defeat jurisdiction, if the rules prescribed by the statute are observed and followed. This township ditch law seems complete of itself, and we are not to discount its authority on the ground that the county commissioners may hear other parties not named in it.
We are of opinion that the demurrer should have been overruled, and the circuit court erred in not so deciding.

Judgment reversed.

Summers, C. J., Spear, Davis and Shauck, JJ., concur.